PER CURIAM.
We reverse the order granting summary judgment in favor of the plaintiff in a medical malpractice action. The defendant opposed the motion by filing the affidavit of a medical expert who stated his opinion that the treatment rendered by the defendant did not cause the condition that led to the loss of the plaintiffs finger.
The defense expert did not state his opinion based on a “reasonable degree of medical probability,” but that omission did not render his affidavit legally insufficient. The standard under Florida’s Medical Malpractice Act, Florida Statutes section 766.102(1)(1995), is proof “by the greater weight of the evidence.” In Haas v. Zaccaria, 659 So.2d 1130 (Fla. 4th DCA 1995), rev. denied, 669 So.2d 253 (Fla.1996), this court held that under this standard, the defendant in a medical malpractice case does not have the burden at trial of proving by a “reasonable degree of medical probability” that some other factor caused the patient’s loss. If “reasonable medical probability” is not required to defeat a medical malpractice claim at trial, it cannot be required to meet the lesser burden to defeat a motion for summary judgment.
While the expert’s affidavit did not explain the basis for his opinion, it was sufficient to create a factual dispute about causation that prevented summary judgment. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985)(every possible inference favors the party against whom summary judgment is sought); Holl v. Talcott, 191 So.2d 40, 46 (Fla.1966) (the affi *255 davits filed by the party opposing summary judgment are to be read liberally).
REVERSED AND REMANDED.
DELL, GUNTHER and FARMER, JJ„ concur.